Marshall, C. J.,
 

 dissenting. "When in the course of human events it becomes necessary for the majority of the Supreme Court of Ohio to differ from the judgment pronounced by the minority, and to assume the separate though inferior station to which the amendment of 1912. has consigned them, a decent respect to the opinions of the bench and bar of the state requires that they should declare the causes which impel them to the separation. The minority judgment in this cause, upholding the constitutional validity of that portion of Section 3963, which in terms requires municipalities to furnish water to- the public schools without charge therefor, is predicated upon the following fallacious proposition stated in the opinion:
 

 “We tbinlr the basic question then is: Shall the
 
 *617
 
 municipality control the public schools within it3 limits, or does that power rest in the state?”
 

 If this were the issue involved in this controversy, the judgment of this court would undoubtedly be unanimous in declaring that the control of the public schools rests primarily in state supervision and control. Every member of this court recognizes the pertinent provisions of Sections 2 and 3, Article VI of the Constitution, requiring the General Assembly to pass laws making provision for a thorough and efficient system of common schools throughout the state, and every member of this court agrees that the thorough and efficient system which has been provided by legislative enactment has application in every municipality of: the state, and that no board of education in any municipality, and no legislative authority of any municipality, has any power to override or disregard any of the constitutional legislative provisions pertaining thereto. It is true that this court by unanimous judgment has recently so declared in the case of
 
 Niehaus
 
 v.
 
 State ex rel.,
 
 111 Ohio St., 47, 144 N. E., 433, which decision was pronounced by this court on June 17, 1924, and every member of this court agreed that the provisions of Section 3, Article XVIII of the Constitution, as amended in 1912, giving to municipalities all powers of local self-government, were not intended to and did not in fact override or control the provisions of Sections 2 and 3 of Article VI of the Constitution. Whatever differences of opinion have existed in the views of the several members of this court upon the subject of municipal home rule, there has never been any difference of opinion,
 
 *618
 
 and the pronouncements of this court have been entirely harmonious and consistent, upon the proposition that local self-government has no relation to the administration of the common schools of the state. The majority of this court are of the opinion that the minority judgment is unsound because it is based upon a false premise and assumes an issue in no' wise related to the controversy. The majority respectfully claim that this controversy is controlled, not by Section 3 of Article XVIII, pertaining* to home rule, but by Section 4 of Article XVIII, pertaining to ownership, operation, and control of public utilities. There has not heretofore been any difference of opinion in the pronouncements of this court as to the meaning and application of Sections 4, 5, and 6 of Article XVIII of the Constitution as amended in 1912. There ha.s heretofore been perfect unanimity and harmony upon the proposition that by those amendments certain utilities within the state of Ohio have been placed within the entire control of the municipalities within whose boundaries their operations have been carried on.
 

 It is the spirit of the unanimous decision of this court in the case of
 
 Village of Euclid
 
 v.
 
 Camp Wise, Assn.,
 
 102 Ohio St., 207, 131 N. E., 349, that whereas, prior to the amendments of 1912, all authority to a municipality to own and operate public utilities was derived from the Legislature, after those amendments, and by reason of their adoption, the authority came direct from the people, entirely absolved from any conditions or restrictions theretofore imposed or which might thereafter be imposed. The first paragraph of
 
 *619
 
 the syllabus of that case, which received unanimous concurrence, is as follows:
 

 “By reason of the adoption of Section 4, Article XVIII of the Constitution, in 1912, municipalities may acquire, construct, own, lease and operate waterworks free from any restrictions imposed by Sections'3963 and 14769, General Code.”
 

 It did not seem to the court at that time that Sections 2 and 3 of Article XVIII had any bearing upon the case, because they are general sections, and it seemed that Section 4 being a special provision pertaining to utility service the special provision became paramount over the general provisions. The present controversy is not different in that respect. The pertinent parts of Section 4 provide:
 

 “Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service.”
 

 This delegation of power to a, municipality directly from the hands of the people is plain, unambiguous, and unequivocal, and it is free from conditions; it isi apparently seif-executing, requiring no enabling legislation to complete the grant of power. Any legislation relative to this subject must nece-ssarily be confined to regulatory measures. The majority of the court are therefore of the opinion that any attempt by the Legislature to impose conditions upon the grant must be ineffective. We are not declaring the entire statute
 
 *620
 
 unconstitutional, because the second paragraph of the section is clearly regulatory.
 

 In the case of
 
 City of Cincinnati
 
 v.
 
 Roettinger, a Taxpayer,
 
 105 Ohio St., 145, 137 N. E., 6, there was presented to this court the question whether the city of Cincinnati could increase the water rates, thereby raising a surplus of revenue, and thereupon transfer such surplus to the general fund of the city to be used for general governmental purposes. It was held by this court in that case that that could not be done. The city of East Cleveland is seeking to do an exactly opposite thing by requiring a portion of the revenues for supply of water to be raised by direct taxation. The principles declared in the
 
 Cincinnati case
 
 are not contrary to the conclusions we have reached in this case. We have read Sections 4, 5, and 6 of Article XVIII of the Ohio Constitution in vain to find any provision of the Constitution which prevents the taxing authorities of the city from raising part or even all of the revenues to pay for water by direct taxation. The entire matter of a supply of water for the inhabitants and institutions of East Cleveland, including the public schools, being within the control of the city, that control must rest, under the charter of the city of East Cleveland, in its city commission. It having seen fit to adopt .an ordinance clearly covering the situation, the judicial branch of the government may not stay its hand.
 

 It has already become painfully apparent to the officers of all branches of the state government that there is much conflict between different parts of the amendments of 1912, and other conflicts between those amendments and those parts of the
 
 *621
 
 Constitution which were earlier adopted. The instant controversy is one of less difficulty, because it does not appear by any pleadings that the obligation of paying for a supply of water would interfere with an efficient school system in the city of East Cleveland. 1
 

 If this were an attempt on the part of the commission, as the legislative authority of the city of East Cleveland, to prevent a supply of water being furnished to the public schools of that city, or an interference in any other manner with the enforcement of the provisions of any section of the school code, whereby the present efficient school system of the state would be impaired in the slightest measure, the minority opinion referring to Sections 2 and 3 of Article VI of the Constitution would be applicable and pertinent. The real issue in this controversy must be determined by am examination of the pleadings. This is an action for money, brought by the city of East Cleveland against the board of education of East Cleveland, to recover a judgment for water furnished to the school buildings within the city of East Cleveland for a certain period, it being alleged that the city is a charter city, and that, pursuant to the powers enumerated in its charter, it passed an ordinance on February 19, 1918, directing and authorizing the city manager to collect water rent from certain persons and boards, including the schools. It is sought to recover for water furnished to the schools at the same rates that water is furnished to other consumers within the city of East Cleveland. The issue is raised by a demurrer to the petition. We therefore respectfully urge that there can be no such issue
 
 *622
 
 in this case as the minority of the court have made the basis of their opinion. There can be no possible question as to how the schools will be managed and conducted. The sole question is as to the manner of raising the revenues to defray the cost of supplying the school buildings with water. The board of education declines to make a levy upon all the taxable property of the city, as it would have a perfect right to do, for the purpose of meeting the expense of supplying water, and invokes the aid of Section 3963, General Code, which forbids the city from making any charge whatever for water for the use of the public school buildings. The legislative authority of the city, acting upon the unanimous declaration of this ©ourt construing Sections 4, 5, and 6 of Article XVIII of the Constitution, in
 
 Euclid
 
 v.
 
 Camp Wise Assn., supra,
 
 has declared as the sound legislative policy of the city of East Cleveland that it is better to raise the revenues for supplying water for the use of the public school buildings of the city by a tax levy upon property. Manifestly, the minority judgment of this court in this case cannot be sound unless the judgment of the court in
 
 Euclid
 
 v.
 
 Camp Wise Assn., supra,
 
 is unsound.
 

 In the opinión of the majority of this court, Section 39'63 should be declared to be unconstitutional, or at least that portion thereof which requires the city to furnish water to the schools without charge therefor, and the judgment of the Court of Appeals should be reversed.
 

 Matthias, Allen, Kinkade and Robinson, JJ., concur in the dissenting opinion.